## PUBLIC OFFICERS AND EMPLOYEES

COUNTIES – ANNE ARUNDEL COUNTY ATTORNEY EXERCISES
    SOVEREIGN POWER

September 8, 1994

*The Honorable Robert R. Neall*
*County Executive for Anne Arundel County*

You have requested our opinion "whether the position of County Attorney for Anne Arundel County meets the requirements of the exercise of sovereignty standard as articulated by the decisions of the Court of Appeals for various constitutional, immunity and State pension law purposes."

For the reasons stated below, we conclude that the position of County Attorney for Anne Arundel County does meet the "exercise of sovereignty" standard for determining the existence of a public office.

## I

### Background

In a recent opinion, the County Attorney for Anne Arundel County examined the manner in which the Retirement Plan for Appointed and Elected Officials of Anne Arundel County has been administered. Letter from County Attorney Judson P. Garrett, Jr., to County Executive Robert R. Neall (July 22, 1994) ("Opinion Letter"). The County Attorney advised that only those appointed officials who met the traditional test for identifying public officers were properly encompassed by this retirement plan.[1]

---

[1] In an earlier letter, we discussed a constitutional issue concerning the Retirement Plan for Appointed and Elected Officials. Letter from Attorney General J. Joseph Curran, Jr., to Delegate Joan Cadden (December 30, 1993). We advised that the Anne Arundel County Council would not violate the Contract Clause of the U.S. Constitution should it

(continued...)

The County Attorney then applied the traditional criteria to the positions in question, assessing whether each exercised a portion of the sovereignty of the State as delegated to its political subdivision, Anne Arundel County. For obvious reasons, the County Attorney declined to express an opinion concerning the status of the position of County Attorney itself. Opinion Letter at 36 n.32. Your opinion request to us then followed.

Your request does not call upon us to revisit the interpretation of county law reached by the County Attorney, nor would it be appropriate for us to do so. *See* Opinion No. 94-001, 21:8 Md. Reg. 619 (January 5, 1994) (unpublished) (Attorney General opinions ordinarily avoid interpretation of local law). Nor should we be understood to be addressing the public officer status of county attorneys generally. Rather, this opinion is limited to the specific question posed: whether the Anne Arundel County Attorney meets the "exercise of sovereignty" criterion for a public office, in light of the grants of authority to the County Attorney under county law.

## II

### Exercise of Sovereignty

As the County Attorney aptly observed in his opinion, "it is easier to recognize the exercise of sovereignty requirement than to express it 'in a definition that will be entirely faultless.'" Opinion Letter at 34 (quoting *State Tax Comm'n v. Harrington*, 126 Md. 157, 159 94 A. 537 (1915)).[2] The County Attorney then went on to offer a summary of the governing principles with which we entirely agree:

> As with many other creatures of caselaw, there is no definition of the term "exercise of sovereignty." The opinions teach that to

---

[1] (...continued)
choose to reduce benefits to participants in the plan. Nothing in this opinion affects the analysis or conclusion in that prior letter.

[2] In one of the Supreme Court's earliest cases, Justice James Wilson observed, rhetorically: "Who, or what, is a sovereignty? What is his or its sovereignty? On this subject the errors and the mazes are endless and inexplicable." *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 456 (1793).

> exercise a portion of the sovereign power is exercise in one's own right "some of the functions of government" that can be validly performed only pursuant to a specific grant of governmental power and that are not "purely ministerial" but, rather, "sufficiently substantive" and "call for the exercise of judgment and discretion."

Opinion Letter at 34-35 (citations omitted). The inquiry must focus on the attributes of the particular position: "The nature of the duties, the particular method in which they are to be performed, the end to be attained, the depository of the powers conferred and the whole surroundings must be considered when the question as to whether the position is a public office or not is to be solved." *School Commissioners v. Goldsborough*, 90 Md. 193, 206, 44 A. 1055 (1899). Hence, we turn to these facts about the Anne Arundel County Attorney.

## III

### Powers of Anne Arundel County Attorney

The Anne Arundel County Charter recites the core powers and duties of the County Attorney. Under §526 of the charter, the County Attorney is the legal advisor of the county, gives advice and opinions on legal questions presented by county officials, approves contracts and other instruments for form and legal sufficiency, advises the County Executive as to the legality of ordinances passed by the County Council, and defends county officers and employees in civil actions.

No Maryland case or opinion of this office has considered whether this combination of general duties, characteristic of the appointed principal lawyer of a home rule political subdivision, are sufficient in themselves to constitute the exercise of sovereignty. Were the duties of the County Attorney limited to these, it is doubtful whether the position could be said to involve the exercise of sovereignty, for the mere rendering of advice and representation of a client in court are not attributes of sovereign power. *See Jackson v. Cosby*, 179 Md. 671, 675, 22 A.2d 453 (1941) (city attorney who was retained by the municipality to perform whatever legal duties were assigned to him was not a public officer because

he "exercises no portion of the sovereign power of the government, but merely performs the duties required of him by the officials employing him ..."); *State Tax Comm'n v. Harrington*, 126 Md. at 164 (general counsel to the commission was not a public official and did not exercise any sovereign power); 58 *Opinions of the Attorney General* 3, 11 (1973) (counsel to liquor board); 20 *Opinions of the Attorney General* 581, 583 (1935) (town attorney); 14 *Opinions of the Attorney General* 230 (1927) (board attorney). *Accord*, *People ex rel. Dawson v. Knox*, 247 N.Y.S. 731, 735 (App. Div. 1931) (county attorney). *But see Bredice v. City of Norwalk*, 206 A.2d 433 (Conn. 1964) and *Black v. Sutton*, 191 S.W.2d 407 (Ky. 1945) (city attorneys exercise sovereign power).

These prior authorities are distinguishable, however, because the Anne Arundel County Attorney has been granted specific powers beyond the general description in §526 of the County Charter. Under Article 2, §1-101(a)(11) of the County Code, the County Attorney may authorize the issuance of a subpoena to compel testimony or the production of records in connection with investigations, inquiries, or hearings. Under Article 2, §1-102(a), the County Attorney "may administer oaths to and take the testimony of any witness ...."

In 60 *Opinions of the Attorney General* 632 (1975), Attorney General Burch was asked whether the chief administrative clerks of the District Court were properly considered appointed officials for certain purposes. While noting that "the bulk of their duties are purely ministerial," the Attorney General pointed out that the clerks' authority "*to issue writs, administer oaths*, and certify papers under the seal of the Court are all important public duties which appear to involve the exercise of a portion of the sovereignty of the State." 60 *Opinions of the Attorney General* at 635 (emphasis added). The Attorney General's conclusion in this regard is consistent with the long line of opinions holding notaries public to be officers. *See, e.g.,* 3 *Opinions of the Attorney General* 271 (1918).[3]

The County Attorney also plays a role in the administration of the county's self-insurance fund that amounts to the exercise of sovereign power. The self-insurance fund is used to pay certain liability and workers' compensation claims against the county and

---

[3] The main power of a notary public is to administer oaths. Article 68, §3 of the Maryland Code.

other entities. Article 2, §5-101 of the County Code. The fund is administered by a self-insurance fund committee, including the County Attorney, which has the following powers:

> (1) Review and approve all claims for payment from the fund where the amount to be paid exceed $5,000;

> (2) Establish policies relating to the operation and maintenance of the fund; and

> (3) Adopt rules and regulations necessary for the operation of the fund ....

§5-104(d) of the County Code. These discretionary acts involve the exercise of sovereign power. *See* 57 *Opinions of the Attorney General* 595, 601-03 (1957) (rulemaking power is "clearly of sovereign dimensions").[4]

This partial review of the powers and duties of the County Attorney already establishes that the County Attorney exercises personally some portion of the sovereign power of the State, as delegated to Anne Arundel County. Thus, we need not consider the effect of various other grants of authority, some of which (including certain civil enforcement powers under Article 11, §6-102(g)(1), Article 26, §1-114, and Article 28, §17-102(f)(1) of the County Code) also appear to involve the exercise of sovereignty.[5]

---

[4] When a board or commission exercises sovereign powers collectively, each member of the entity is deemed to do so personally for purposes of "public officer" analysis. *See Howard County Metro. Comm'n v. Westphal*, 232 Md. 334, 340-42, 193 A.2d 56 (1963).

[5] The County Attorney unquestionably exercised sovereign power under Article 9 of the County Code, the county's public ethics law. Until June 30, 1993, the County Attorney had overall responsibility for administering the local ethics law, including the power to review financial disclosure statements for compliance and to conduct investigations and hearings. *See* 60 *Opinions of the Attorney General* 530 (1975). Effective July 1, 1993, a County Ethics Commission assumed responsibility for administration of the county ethics law. §100C(b) of the County Charter.

## IV

## Conclusion

In summary, it is our opinion that the position of County Attorney for Anne Arundel County meets the requirements of the "exercise of sovereignty" standard under Maryland law.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*